Daniel L. Bonnett, SBA # 014127
**MARTIN & BONNETT, P.L.L.C**
1850 N. Central Avenue, Suite 2010
Phoenix, AZ 85004
Telephone: (602) 240-6900
dbonnett@martinbonnett.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

WENDELL RUSSELL, MICHAEL OELKE, RICKY ROWLAND and RANDY MCGRATH, individually,

Plaintiffs,

vs.

SWICK MINING SERVICES (USA), INC. a Nevada corporation, and ABC ENTITIES 1-20, JOHN AND JANE DOES 1-20.

Defendants.

CASE NO.:

**COMPLAINT**

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

Plaintiffs, Michael Oelke, Ricky Rowland, Wendell Russell and Randy McGrath, collectively ("Plaintiffs"), allege as follows:

**JURISDICTION AND VENUE**

1. This is an action to recover wages and damages from Defendants for their unlawful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*[1].

2. As this matter arises, *inter alia*, under federal statute, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

---

[1] Plaintiffs bring this action not for the purpose of duplicating any claim that they are or may be permitted to pursue in a separate action presently pending in the United States District Court for the District of Arizona, titled *Russell, et al. v. Swick Mining Services (USA), Inc. et al.*, CASE NO.: CV16-02887-JJT but do so only for the purpose of preserving and pursuing any of their respective wage and hour claims that is or may not become part of such proceeding.

3. During the relevant period, Plaintiffs are or were employees of Defendant, Swick Mining Services (USA), Inc. (Swick USA), and are covered by the provisions and protections contained in the FLSA.

4. Upon information, Defendant, Swick USA, has conducted business within the State of Arizona from approximately September 2015 to April 2016, at the mining operation located in or near Superior, Arizona.

5. Defendant, Swick USA, is a covered employer and/or enterprise subject to the FLSA because, at all times relevant, it is and was involved in interstate commerce and, upon information and belief, generates annual revenue in excess of $500,000.

6. As provided for under the FLSA, 29 U.S.C. § 216(b), this action is brought by each Plaintiff, individually to recover wages, overtime wages, liquidated damages, attorneys' fees and other statutory penalties resulting from Defendants' violations of the FLSA.

7. By virtue of the forgoing, this Court has personal jurisdiction over the Defendants and venue lies properly within the district of Arizona pursuant to 28 U.S.C. § 1391(b)(1) & (c) and 29 U.S.C. § 216(b) because Defendants have conducted business operations and suffered or permitted Plaintiffs Oelke, Rowland, Russell and McGrath to work within this District.

**THE PARTIES**

8. The Plaintiffs are current and former employees of Defendant, Swick Mining Services (USA), Inc., a Nevada corporation (hereinafter, "Swick USA") which has, during some or all of the relevant timeframe, engaged in or transacted business in the state of Arizona.

9. Plaintiff, Michael Oelke ("Plaintiff Oelke"), worked for Swick USA at the Resolution Mining facility in Superior, Arizona between approximately February 2015 and April 2015. In addition, Plaintiff Oelke worked for Swick USA at mining locations in other states including, but not limited to, the state of Nevada between approximately September 2015 to February 2016 and April 2016 to June 2016. Plaintiff Oelke was not

paid all wages to which he was and is entitled to receive from Swick USA under the FLSA. His consent to be a party plaintiff is attached as Exhibit A.

10. Plaintiff, Ricky Rowland ("Plaintiff Rowland"), worked for Swick USA from approximately October 2015 to June 2016 at mining locations in several states including, but not limited to Arizona, Michigan and Nevada was not paid all wages to which he was and is entitled to receive under the FLSA for work performed. His consent to be a party plaintiff is attached as Exhibit B.

11. Plaintiff, Wendell Russell ("Plaintiff Russell"), worked for Swick USA from approximately February 2015 to April 2016 at mining locations in several states including, but not limited to Arizona and Tennessee was not paid all wages to which he was and is entitled to receive under the FLSA for work performed. His consent to be a party plaintiff is attached as Exhibit C.

12. Plaintiff, Randy McGrath ("Plaintiff McGrath"), worked for Swick USA at mining facilities in Superior, Arizona between approximately September 2015 and March 2016. In addition, Plaintiff McGrath worked for Swick USA at mining facilities in other states including the state of Nevada was not paid all wages to which he was and is entitled to receive from Swick USA under the FLSA. His consent to be a party plaintiff is attached as Exhibit D.

13. From approximately September 28, 2014 to July 3, 2016, Plaintiff Oelke worked as a Helper for Swick USA traveling state-to-state performing non-exempt work including work in Arizona within the three years preceding the filing of his Consent to Join as an opt-in plaintiff in this litigation. During periods of his employment, Swick USA paid him by the hour. In addition to his hourly rate, he received non-discretionary bonuses from Swick USA. Although he regularly worked 70 or more hours in a week, Swick USA did not pay him overtime based on the required regular hourly rate of pay calculation.

14. From approximately October 14, 2015 to June 18, 2016, Plaintiff Rowland worked as a Trainee Driller for Swick USA traveling state-to-state performing non-exempt work including work in Arizona within the three years preceding the filing of his

Consent to Join as an opt-in plaintiff in this litigation. During periods of his employment, Swick USA paid him by the hour. In addition to his hourly rate, he received non-discretionary bonuses from Swick USA. Although he regularly worked 70 or more hours in a week, Swick USA did not pay him overtime based on the required regular hourly rate of pay calculation.

15. From approximately September 1, 2014 to June 20, 2016, Plaintiff McGrath worked as a Driller for Swick USA traveling state-to-state performing non-exempt work including work in Arizona within the three years preceding the filing of his Consent to Join as an opt-in plaintiff in this litigation. During periods of his employment, Swick USA paid him by the hour. In addition to his hourly rate, he received non-discretionary bonuses from Swick USA. Although he regularly worked 70 or more hours in a week, Swick USA did not pay him overtime based on the required regular hourly rate of pay calculation.

16. From approximately February 2015 to August 2016, Plaintiff Russell worked as a Driller for Swick USA traveling state-to-state performing non-exempt work including work in Arizona within the three years preceding the filing of his Consent to Join as an opt-in plaintiff in this litigation. During periods of his employment, Swick USA paid him by the hour. In addition to his hourly rate, he received non-discretionary bonuses from Swick USA. Although he regularly worked 70 or more hours in a week, Swick USA did not pay him overtime based on the required regular hourly rate of pay calculation.

17. Upon information and belief, Defendant, Swick USA, is a wholly owned subsidiary of Swick Mining Services ("ASX:SWK"), one of Australia's largest mineral drilling contractors. Upon further information, ASX:SWK provides underground and surface drilling services to a diverse group of mining companies and has or had operations in Canada and the United States during the relevant timeframe including, but

not limited to, the states of Arizona and Nevada.[2]

18. Swick USA may be served by serving its registered agent Barbara Inama Torvinen, 225 Silver Street, Suite 105, Elko, NV 89801.

19. ABC Entities 1-20 and John and Jane Does 1-20 are fictitiously-identified Defendants whose true names and legal capacities are presently unknown. Leave of Court is requested to substitute the true names of such Defendants when discovered.

20. At all times relevant, all Defendants were and/or are joint employers of each Plaintiff for purposes of this action. Defendants have owned, operated or are doing business in the United States and Canada and, more particularly, within the states of Arizona and Nevada, and exist for the common business purpose of providing goods and services to the mining industry worldwide and within North America.

**GENERAL ALLEGATIONS**

21. As alleged herein, Defendant Swick USA pays or has paid Plaintiffs by the hour. In addition to their hourly rate, Plaintiffs also received non-discretionary bonuses. During the relevant time period, Swick USA improperly calculated the regular rate of pay for Plaintiffs and did not pay them overtime based on the required regular hourly rate of pay.

22. Swick USA's policy and practice of paying Plaintiffs by the hour and failing to include non-discretionary bonuses into their regular rate when calculating overtime pay violates the Fair Labor Standards Act (FLSA).

23. Although Plaintiffs Oelke, Rowland, Russell and McGrath, regularly worked more than 70 hours a week, Swick USA does not pay and has not paid them overtime at the applicable rate for hours worked in excess of 40 in a workweek. This action seeks to recover Plaintiffs' unpaid wages and other damages owed to them.

24. During the relevant time period, Plaintiffs each routinely handled goods or materials – such as hard hats, tools, steel toe shoes, drilling tools and cell phones - that

---
[2] http://www.swickmining.com (last visited on 8/16/2016).

5

have moved in, or were produced for, interstate commerce.

25. During the relevant time period, Plaintiffs were non-exempt employees of Swick USA performing manual labor in or related to the mining industry at various mining locations throughout the United States.

26. Swick USA scheduled Plaintiffs Oelke, Rowland, Russell and McGrath for between 10- 12 hours of work each day.

27. Swick USA scheduled Plaintiffs Oelke, Rowland, Russell and McGrath for as many as 7 days in a workweek ranging anywhere to 10 – 20 plus days in a row.

28. Swick USA knew or reasonably should have known that Plaintiffs are not and were not exempt from the FLSA's overtime provisions.

29. In addition, Swick USA knew or reasonably should have known that non-discretionary bonuses of the type paid to Plaintiffs are required to be included in calculations of regular hourly rates of pay for the purposes of computing and paying overtime at one and one-half times the regular rate.

30. Nonetheless, Swick USA did not pay Plaintiffs the correct amount of overtime for hours worked in excess of 40 in a workweek when Plaintiffs were working and paid as hourly employees.

**CAUSE OF ACTION**

31. Swick USA's policy of failing to include non-discretionary bonuses into Plaintiffs' regular rate when calculating overtime pay, violates the FLSA.

32. By failing to pay Plaintiffs Oelke, Rowland, Russell and McGrath overtime at 1 and ½ times their regular rates, Swick USA has violated and is violating the FLSA's overtime provisions.

33. Swick USA owes each Plaintiff the difference between the rate actually paid and the proper overtime rate.

34. Because Swick USA knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice that violated the FLSA, Swick USA owes these wages

for at least the past 3 years. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

35. Swick USA also owes each Plaintiff an amount equal to the unpaid overtime wages as liquidated damages pursuant to 29 U.S.C. § 216(b).

36. Plaintiffs Oelke, Rowland, Russell and McGrath are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs respectfully pray as follows:

A. A declaration that each Defendant has willfully and intentionally failed to pay each Plaintiff all amounts properly due and owing in violation of the Fair Labor Standard Act, 29 U.S.C. § 201 *et seq.*;

B. For an order entering judgment in favor of the Plaintiffs for all overtime wages due each Plaintiff in an amount no less than as alleged herein but to be determined by the trier of fact together with additional sums for liquidated damages under applicable federal law, attorneys' fees, costs, and pre- and post-judgment interest; and

C. For such other and further relief as this Court deems necessary, just and proper.

RESPECTFULLY SUBMITTED this 28th day of March, 2017.

**MARTIN & BONNETT, P.L.L.C.**

By: s/Daniel L. Bonnett
   Daniel L. Bonnett
   1850 N. Central Avenue, Suite 2010
   Phoenix, AZ 85004
   (602) 240-6900

   *Attorney for Plaintiffs*